IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER BENJAMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV136 |
| | ) | |
| NANCY VAUGHAN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

This is an action for employment discrimination by Plaintiff Christopher Benjamin, proceeding pro se, based on his African American descent, Jewish faith, and alleged disability. Benjamin's complaint names seven defendants: Nancy Vaughan, Mayor of the City of Greensboro (the "City"); Zack Matheny, City Councilman; Jim Westmoreland, City Manager; Wade Walcutt, City Parks and Recreation Superintendent; Kim Porter, City Recreation Center Supervisor; Corey Povar, City Recreation Center Supervisor; and Amanda Krysiak, an employee of PMA Management, Inc. (Doc. 2 at 1.) Before the court are motions to dismiss by Defendants Vaughan, Matheny, Westmoreland, Walcutt, Povar, Porter (Doc. 7) and Krysiak (Doc. 16). Benjamin has filed a response (Doc. 19) and a motion to amend both his complaint and response brief to correct misspellings and a few dates (Doc. 20). The motions are ready for decision. For the reasons set forth below, the motions

will be granted, and this action will be dismissed.

I.  BACKGROUND

The complaint, viewed in the light most favorable to Benjamin, as the nonmoving party, alleges the following:

Benjamin is African American and Jewish.  (Doc. 2 at 1.)  He was employed as a custodian with the City.  (Id.)  While moving heavy chairs on January 15, 2014, he sprained his left wrist.  (Id. at 1-2.)  This injury prevented him from performing his typical duties as a custodian.  (Id.)  Shortly after the injury, Benjamin requested light work duty, but his supervisor informed him that there was no light work duty available.  (Id. at 2.)  Benjamin was offered light duty work on February 5, 2014, which he accepted.  (Id.)  However, the light duty work ceased to be available shortly thereafter.  (Id.)

Benjamin was again offered light duty assignments in March 17, 2014, but was told that he needed to be medically cleared in order to accept the work.  (Id. at 2-3.)  He consulted a physician on March 18, 2014, but while leaving the medical facility, suffered injuries in a traffic incident that caused permanent partial disability to his neck, back, shoulders, right wrist, knees, and feet.  (Id. at 3.)  Benjamin exhausted his paid leave time and was subsequently terminated.  (Id.)

Benjamin filed suit on February 23, 2016.  (Id. at 1.)  His complaint is a four and one-half-page, stream of consciousness

run-on single paragraph, and his brief is no easier to decipher. Construed liberally, they appear to contend that his termination was the result of racial animus, religious discrimination, and discrimination on the basis of a disability. (Id. at 3-5.) Benjamin alleges that Defendants violated his rights under Title VII, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101 et seq., and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., when Defendants failed to allow him to work light duty, forcing him to use his FMLA leave.[1] Once that leave was exhausted, he claims, he was terminated. He also appears to allege retaliation under Title VII, claiming that he was fired because he lodged a complaint against Matheny, who allegedly harassed him while he attempted to cast his ballot in the November 2013 election. (Doc. 21 at 3.) Finally, Benjamin alleges that Krysiak conspired with certain Defendants to deny his application for workers' compensation benefits. Benjamin seeks back pay ($317 per week from January 31, 2014), as well as $300,000 each from the City and PMA Management, Inc., neither of whom is named as a party. (Doc. 2 at 1, 4-5.)

Vaughan, Matheny, Westmoreland, Walcutt, Porter, and Povar move to dismiss for failure to state a claim pursuant to Federal

---

[1] Benjamin's complaint also alleges violations of 18 U.S.C. § 241, 246 and 29 C.F.R. § 1630.2(i)(1)(i). None of these provides a private right of action. Brown v. Winman, No. 5:15-CV-59-BO, 2015 WL 5837471, at *1 (E.D.N.C. Oct. 6, 2015); Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985).

3

Rule of Civil Procedure 12(b)(6). (Doc. 7 at 1.) Krystiak moves to dismiss pursuant to Rule 12(b)(6) as well as Rule 12(b)(1). (Doc. 16 at 1.)

**II. ANALYSIS**

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted).

This standard applies to pro se plaintiffs. Adams v. Sw. Va. Reg'l Jail Auth., 524 F. App'x 899, 900 (4th Cir. 2013).[2] Thus, "[w]hile a *pro se* litigant's pleadings are liberally construed, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se

---

[2] Unpublished opinions of the Fourth Circuit are not precedential. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions" and that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning" (citation omitted)).

4

complaint must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Adams, 524 F. App'x at 900 (quoting Twombly, 550 U.S. at 555). This liberal construction does not permit the court to become an advocate for a pro se litigant or to rewrite his complaint. Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006); Gordon, 574 F.2d at 1152–53.

### A. Title VII and ADA Claims

Defendants argue that Benjamin's claims under Title VII and the ADAAA are time-barred. (Doc. 8 at 2-3.) Defendants do not contest that Benjamin filed a charge with the Equal Employment Opportunity Commission and received a right to sue letter. (Id.) But they argue that he failed to file his lawsuit within ninety days of receiving the letter on October 13, 2015. See 42 USC § 2000e-5(f)(1)(2016). Defendants are correct, as Benjamin filed his lawsuit on February 23, 2016, more than ninety days after he received the letter. (Doc. 21 at 1.)

Benjamin argues that the limitation period should be tolled on religious holidays and weekends occurring in between his receipt of the letter and when he filed his complaint. (Id. at 1-3.) He cites no authority for this proposition other than the First Amendment to the United States Constitution. (Id.) This argument is clearly without merit. Benjamin's employment discrimination claims will therefore be dismissed as untimely. Mann v. Std. Motor

5

Prods., 532 F. App'x 417, 418 (4th Cir. 2013) ("A claimant who fails to file a complaint within the ninety-day statutory time period mandated by Title VII generally forfeits his right to pursue his claims.") (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984)).[3]

### B. Claims against Krysiak

Krysiak moves to dismiss any claim Benjamin may be attempting to assert that she participated in some kind of conspiracy to deny him workers' compensation benefits to which he was entitled. (Doc. 2 at 4; Doc. 21 at 2-4.)[4]

Benjamin's complaint fails to plead sufficient facts to allow the court to draw a reasonable inference that Krysiak is liable for conspiring to deny Benjamin the workers' compensation benefits to which he alleges he was entitled. The complaint alleges only that "Amanda Krysiak . . . entered into the conspiracy of aiding and abetting her co-conspirators by denying two of the plaintiff's workers compensation claims . . . because it was of a benefit to PMA Management." (Doc. 2 at 4.) In his response brief, Benjamin barely expands upon these allegations, stating "Krysiak, aided and

---

[3] This also precludes Benjamin's ill-defined race or religion claim based on alleged retaliation by City Councilman Matheny, who allegedly interfered with Benjamin's effort to vote on November 5, 2013. (Doc. 2 at 3-4.)

[4] To the extent Benjamin seeks to include Krysiak and/or PMA Management, Inc. in his generalized allegations of "Defendants," such shotgun pleading, without further factual support, fails to satisfy the pleading requirements of Rule 12(b)(6).

6

abetted her co-conspirators by denying two separate and compensable worker compensation claims filed by the plaintiff . . . which was the wheels for the conspiracy to work." (Doc. 21 at 3.)

To prove a civil conspiracy, Benjamin would have to show (1) an agreement between two or more persons to commit a wrongful act; (2) an overt act in furtherance of the agreement; and (3) damage to the plaintiff as a result of the wrongful act. Suntrust Mortg. Inc. v. Busby, 651 F. Supp. 2d 472, 488 (W.D.N.C. 2009); Pleasant Valley Promenade v. Lechmere, Inc., 120 N.C. App. 650, 656-58, 464 S.E.2d 47, 54 (1995). Furthermore, "[b]ecause liability attaches as a result of the wrongful act committed, not the agreement itself, the existence of an underlying tortious act is the key to establishing a civil conspiracy." Eli Research, Inc. v. United Commc'ns Grp., LLC, 312 F. Supp. 2d 748, 763 (M.D.N.C. 2004).

Benjamin has simply failed to plead any such facts. His complaint merely asserts, in no more than conclusory fashion, that Krysiak – an apparent employee of a third party benefits administrator - engaged in a conspiracy to deny Benjamin two separate workers' compensation payments. These are fact-bare assertions based solely on speculation. This claim will therefore be dismissed.

**C. FMLA Claim**

Benjamin's complaint also alleges that his employers

"forc[ed] him to apply for FMLA and personal leave time" instead of offering him light work duty. (Doc. 2 at 3.) Benjamin repeats this claim in his brief in opposition to Defendants' motions to dismiss. (Doc. 21 at 3-4.)

The FMLA entitles eligible employees to take twelve weeks of leave during any twelve-month period for a "serious health condition that makes the employee unable to perform the functions" of his job. 29 U.S.C. § 2612(a)(1)(D). Following this leave period, an employee has the right to reinstatement to his or her original position or an equivalent post. Id. § 2614(a)(1). It is unlawful under the FMLA for an employer to interfere with an employee's exercise of or the attempt to exercise any right under the statute. Id. § 2615(a)(1). It is also unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter. Id. § 2615(a)(2).

Benjamin does not allege that he was discharged for opposing any practice made unlawful by the statute. Dotson v. Pfizer, Inc., 558 F.3d 284, 294 (4th Cir. 2009). Rather, he appears to be alleging an interference claim – that his superiors interfered with his rights under the FMLA. Vannoy v. Fed. Reserve Bank of Richmond, 827 F.3d 296, 301 (4th Cir. 2016). "An employee may not be required to take more FMLA leave than necessary to resolve the circumstance that precipitated the need for leave." 29 C.F.R.

§ 825.311(c). To prevail on an interference claim, an employee must prove (1) he was entitled to an FMLA benefit; (2) his employer "interfered with the provision of that benefit"; and (3) "that interference caused harm" or prejudice. Adams v. Anne Arundel Cnty. Pub. Schs., No. 14-1608, 2015 WL 3651735, at *3 (4th Cir. June 15, 2015).

Here, Benjamin's reference to the FMLA is vague. He makes no allegation of any denial of FMLA leave, or of any difficulty in resolving his rights under the FMLA. Nor does he allege he was required to take more FMLA than medically necessary. Rather, he merely alleges that he was forced to use FMLA leave time because his superiors failed to offer him light work duty. (Doc. 2 at 3; Doc. 21 at 3-4.)[5] On the face of the complaint, this allegation indicates that Benjamin considered himself still too injured to perform his ordinary work and thus in need of FMLA leave. Consequently, this claim will be dismissed.[6] Because the claim is

---

[5] This contention contradicts Benjamin's recitation of the facts, where he confirms that he was given light work duty on February 5, 2014, with the option of refusing it to use his leave or sick time if he so chose. (Doc. 2 at 2.) Benjamin accepted the work but was unable to complete this work because of his subsequent injuries. (Id.) Benjamin was again offered light work duty on March 17, 2014, but was told that he needed to pass a fitness evaluation before accepting it. (Id. at 3.) Upon leaving the medical facility, Benjamin was injured in a car accident, preventing him from accepting the light work assignment. (Id.)

[6] The court need not decide, therefore, whether any conceivable FMLA claim is cognizable against the individual Defendants. See Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) ("[W]hether the FMLA imposes liability on employee supervisors in their individual capacities is an open question in this circuit, as we have expressly declined to decide this issue when it has arisen before us."); Caire v. Conifer Value

ill-stated, the court will dismiss it without prejudice.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Benjamin's motion to amend (Doc. 20) will be GRANTED, Defendants' motions to dismiss (Docs. 7, 16) will be GRANTED, Plaintiff's Title VII and ADA claims will be DISMISSED with prejudice, and Plaintiff's FMLA claim will be DISMISSED without prejudice.

/s/   Thomas D. Schroeder<br>United States District Judge

December 30, 2016

---

Based Care, LLC, 982 F. Supp. 2d 582, 597 n. 11 (D. Md. 2013) (comparing Sandowski v. U.S. Postal Serv., 643 F. Supp. 2d 749, 752–57 (D. Md. 2009) with Reed v. Md. Dep't of Human Resources, No. ELH-12-0472, 2013 WL 489985, at *7–14 (D. Md. Feb. 7, 2013).